# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## CENTRAL GRAND DIVISION.

### JANUARY TERM, 1874.

## EDWARD CORBLEY

### *v.*

## BENJAMIN WILSON.

71 209
39a 67

71 209
52a 548

71 209
83a 62

1. EVIDENCE—*record of suit in court not competent as against strangers to it.* In an action for slander, which consisted in charging the plaintiff with having committed a certain crime, the defendant pleaded the truth of the words spoken. On the trial, the court permitted the plaintiff to read in evidence the record of an indictment against him for the same crime, and of his trial and acquittal: *Held,* that this was error.

2. So far as the plaintiff and the people are concerned, that record can speak anywhere and everywhere, but it is not binding upon any one not a party or privy, and if the plaintiff was guilty of the crime charged to him, the defendant had the right to make the charge and prove it under his plea of justification, notwithstanding the record of acquittal, and that record was not competent evidence against the defendant for any purpose.

3. SLANDER—*failure to prove plea of justification.* It is error to instruct the jury, in an action for slander, that the defense of justification is odious when not sustained by the evidence, and such an instruction can not but influence the jury against the defendant.

4. Under the statute, a defendant has a right to plead as many matters of fact, in several pleas, as he may deem necessary for his defense, and this

14—71st ILL.

being a right secured to him by law, it can not be odious for him to interpose a plea of justification, in a suit for slander, although it is not sustained by proof.

5. SAME—*what evidence required to sustain a plea of justification.* In an action for slander, in charging the plaintiff with the commission of a crime, if the defendant pleads justification, he must prove the truth of the charge beyond a reasonable doubt. The same testimony that would be required to convict the party on the criminal charge should be adduced. This rule is not changed by the act of 1867 concerning evidence.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

Mr. J. B. MANN, Mr. J. HARPER, Mr. R. W. HANFORD, and Messrs. JOHN M. & JOHN MAYO PALMER, for the appellant.

Mr. E. S. TERRY, and Messrs. TOWNSEND & YOUNG, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, for slander, brought to the circuit court of Vermilion county, by Benjamin Wilson, against Edward Corbley, to which the defendant pleaded the general issue, and a special plea of justification, that the words spoken were true.

The jury found the defendant guilty, and assessed the damages at six thousand seven hundred dollars, on which the court rendered judgment, having overruled defendant's motion for a new trial. To reverse this judgment is the purpose of this appeal.

The charge made by the defendant against the plaintiff was, the commission of a crime the most abhorrent to nature, which, if established, would ostracize the plaintiff from decent society. We shall express no opinion on one of the points made—that is, the amount of the damages—but have directed our attention to two objections which we deem well taken, and which must reverse the judgment.

One objection is, that the court permitted the record of the criminal cause, *The People* v. *Wilson*, to be given in evidence to the jury against the objection of the defendant. This was clearly error. It is an axiom of the law, that no man should be affected by proceedings to which he was a stranger—to which, if he is a party, he must be bound. He must have been directly interested in the subject matter of the proceedings—with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control, in some degree, the proceedings, and to appeal from the judgment. Persons not having these rights are regarded as strangers to the cause. Privies are, of course, bound, as they are the representatives of the real parties.

An exception to this rule is allowed in the case of verdicts and judgments upon subjects of a public nature, such as customs and the like; in most, or all, of which cases, evidence of reputation is admissible, and also in cases of judgments *in rem;* and it is said a judgment, when used by way of inducement, or to establish a collateral fact, may be admitted, though the parties are not the same, as, producing the record of conviction in order to prove the legal infamy of a witness, or to prove what was known at a trial, and cases of this nature. 1 Greenlf. on Ev. sec. 522, *et seq.*

The record in this case was of a character entirely different. It was a public prosecution, in conducting which defendant had no agency or power, or rights, or interests at stake. It would be subversive of all justice to allow such testimony. What could be more efficacious toward a recovery by plaintiff than to show he had been indicted and tried for the crime, and acquitted? Does this bind the defendant and defeat his plea that the charge was true? So far as the defendant in the indictment and the people are concerned, that record can speak anywhere and everywhere, and its tones must be heeded. But, on what principle is it that defendant should not be permitted to prove the charge, notwithstanding the verdict in the criminal trial? Though that is conclusive

between the parties, it is not true as against the defendant. Verdicts of juries in criminal cases are not always responsive to the facts, though public policy demands they should be held, when followed by a judgment, as truth itself, but this only as to parties and privies, or in regard to some public matter, of which we have spoken.

But appellee insists its introduction was proper, to establish the *quo animo* the words were spoken. There is a *dictum* of Justice BLACKFORD, in *Abrams* v. *Smith*, 8 Blackf. 95, to this effect, but we do not concur with it, as at present advised.

Here was a plea of justification. If the words were true, and of their truth the defendant had assumed the responsibility of establishing, which he had a clear right to do notwithstanding the verdict of acquittal, the verdict and judgment had no place in the cause, for any purpose. If the charge was true, the defendant had a right to make it, and to stand by it, and it was no evidence of malice that he did make it, because a jury had acquitted him. The time may come when it will be for the best interests of the republic to make a public demonstration of the falsity of a verdict in a given case. Take the case of one suing for damages caused by the death of another, under the statute, should the acquittal of the wrong-doer, on an indictment for the act, discharge him from the proceedings in a civil suit? The case is, in principle, the same as this.

But it is said an injury was prevented by the ninth instruction given for the defendant on the point. This, if duly weighed and considered by the jury, might have had an influence, but all know how very difficult it is to eradicate from the minds of a jury an impression once produced by evidence of a seemingly strong character. What would jurymen say, in their consultation room, with this record before them? They would consider the case at an end, and, as a court and jury had once found the plaintiff not guilty, he must stand,

in our eyes, as an innocent person, and the defendant's plea of justification, under such circumstances, amounts to nothing.

There is another point which we think was wrongly ruled by the court, and that is found in plaintiff's ninth instruction, which, in substance, tells the jury that the defense of justification, when not sustained by the evidence, is an odious one.

Our statute confers upon every defendant to an action the right to plead as many matters of fact, in several pleas, as he may deem necessary for his defense. This has always been the law of this State. Being a right secured by law, it can not be odious to interpose a plea of justification, if it is not sustained. Such is not the law. So instructing the jury could not but have influenced them against the defendant.

As to the testimony of William Sperry, by which it was sought to prove a remark made by plaintiff, partaking of a lecherous nature, the court did right in rejecting it, as it had nothing to do with the case—not the least connection with it, and could illustrate nothing.

Appellant objects to the seventh instruction for plaintiff, holding, as it does, that this plea of justification must be proved beyond a reasonable doubt. His counsel admit the instruction conforms to reported decisions of this court— *Darling* v. *Banks*, 14 Ill. 46; *Crotty* v. *Morrissey*, 40 ib. 480; *Harbison* v. *Shook*, 41 ib. 147—but insists that the act of 1867, making, as it does, such a sweeping change in the law of evidence, that all analogy upon which the rule of the instruction is founded, is destroyed, and such an instruction, now, is erroneous.

The argument in support of this position is certainly able and ingenious, but not convincing. If greater hardship is imposed upon a defendant, in an action of slander, who pleads justification—who places on the record that the charge is true—he ought to be held to prove it beyond a reasonable doubt. The same testimony required to convict the party on the criminal charge should be adduced. If it works a hard-

ship, it will also be cautionary to a defendant. It is an admonition to him not to put the charge upon the record if he is not fully prepared to sustain it.

For the reasons we have given, the judgment must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*