### ROSENBERG *v.* SALVATORE.

*(City Court of New York, Special Term.* June 15, 1888.)

JUDGMENT—RES ADJUDICATA—CIVIL ACTION AFTER ACQUITTAL ON CRIMINAL PROSECUTION.

An acquittal in a prosecution for assault and battery will not bar the prosecutor from maintaining a civil action for damages resulting from the same unlawful act.

On application for a new trial.

Rebecca Rosenberg made complaint before a police magistrate, charging Stano Salvatore with assault and battery, and on trial defendant was acquitted. Complainant then brought a civil action on the same state of facts, and, after putting-in the same proof, defendant introduced the record of former acquittal, and moved to dismiss the action, on the ground that it was *res adjudicata,* which motion was granted, and plaintiff moved for a new trial.

*O. L. Stewart,* for plaintiff. *R. H. Racey,* for defendant.

McADAM, C. J. If the familiar doctrine that the judgment of a court of competent jurisdiction, directly upon the point, is, as a plea in bar or evidence, conclusive upon the same matter directly in question in another court, applies where the first judgment was rendered by a criminal court in a proceeding in the name of the people, on the complaint of A. against B., and the same identical matter subsequently comes up between A. and B. in a civil action, it is clear that no error was committed of which the plaintiff can complain, for a stronger case than the present could not be found to which the rule might be more appropriately applied. The parties to the present litigation were the real contending parties to the criminal prosecution,—the plaintiff as complainant, and the defendant as the prisoner. The prosecution was set on foot by her, and she remained an actor in it to the end. The name of the people was used merely because it was a criminal prosecution which was required to be prosecuted in that form; yet it is upon the technical ground that the prosecution was in the name of the people that elementary writers and the authorities hold that the parties are not the same, that there is no mutuality between them in such a determination, and consequently it does not prejudice or affect the rights of either when presented in a civil court for adjudication. 1 Greenl. Ev. § 537; 1 Whart. Ev. § 776; Tayl. Ev. § 1480; Starkie, Ev. (8th Amer. Ed.) Marg. p. 361; Abb. Tr. Ev. p. 649, par. 7; *Case* v. *Reeve,* 14 Johns. 79, 82; *Sims* v. *Sims,* 75 N. Y. 471. If the record of acquittal proved the defendant's innocence for the purpose of this action, a verdict of guilty would, as a necessary consequence, have proved the defendant's guilt for the like purpose; but neither produces either of these results. If a party is convicted of assault at the general or special sessions, the conviction cannot be received in evidence for any purpose in a civil prosecution for the same assault; for the issue in the civil action is to be determined as if no criminal prosecution had ever been commenced. If a party indicted for any offense has been acquitted, and sues the prosecutor for malicious prosecution, the record may be used to prove that the prosecution had terminated, but the defendant, notwithstanding the verdict, is still at liberty to prove the plaintiff's guilt, (Tayl. Ev. § 1480;) for as the court said in *Turner* v. *Dinnegar,* 20 Hun, 466: "Actual guilt is conclusive evidence of probable cause." Wharton, in his work on Evidence, (section 776,) says: "The record of acquittal is admissible to prove the determination of the prosecution and the plaintiff's acquittal, but is irrelevant to prove innocence," citing *Purcell* v. *Macnamara,* 9 East, 361, 1 Camp. 199, 203, note; *Corbley* v. *Wilson,* 71 Ill. 209; *Skidmore* v. *Bricker,* 77 Ill. 164. To substantially the same effect is Wells, Res Adj. § 420; citing *Hutchinson* v. *Bank,* 41 Pa. St. 44; *Betts* v. *New Hartford,* 25 Conn. 184. A judgment of conviction on an indictment for forging a bill of exchange, though conclusive as to the prisoner being a convicted felon, is not only not conclusive, but is not even admissible, evidence of the forging in an action on the bill. Per BLACKBURN, J., *Castrique* v. *Imrie,* L. R. 4 H. L. 434. In a suit by a widow against a party for killing her husband, the record of the acquittal of such party on an indictment for murder of the husband is irrelevant. *Cottingham* v. *Weeks,* 54 Ga. 275. The books contain many other cases illustrating the principle stated. Except for the purpose of discrediting a witness or the like, on conviction for crime, (conviction not affecting the competency of the witness in this state, Code, § 832,) records of conviction in criminal courts

cannot be received as evidence in civil actions for any purpose; .the rule being to reject them as wholly irrelevant. How far a record of conviction in one criminal case is conclusive in another, not being germane to the question under discussion, need not be considered. It was error to admit the record of acquittal, and it was error to hold that it was a bar to this action, or had any relevancy whatever to the issue to be tried. For these reasons a new trial will be ordered, without costs.