## A. H. Young v. Charles Copple.

1. JUDGMENT IN CRIMINAL CASES—*Not Conclusive in Civil Proceedings.*—A judgment in a criminal case, though admissible to establish the fact of the rendition of the judgment, can not be given in evidence in a civil action to establish the facts on which it was rendered. But in such case a judgment rendered on a plea of guilty may be admitted in evidence as a solemn admission to be weighed by the jury in connection with all the other evidence in the case.

2. INSTRUCTIONS—*When Not Misleading.*—An instruction which tells the jury to find the defendant not guilty, unless the plaintiff had proved every material allegation of the declaration by a preponderance of the evidence, is generally understood as meaning no more than that the burden of proof is on the plaintiff in the first instance; and when taken in connection with other instructions which show what the plaintiff must prove in order to recover, can not be regarded as misleading in any proper sense of the word.

Memorandum.—Action of trespass to the person. Appeal from the Circuit Court of Marion County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

W. STOKER and H. C. GOODNOW, attorneys for appellant.

W. F. BUNDY, L. M. KAGY and C. E. JENNINGS, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The first question presented for our consideration is, whether or not a plea of guilty to an indictment for an assault with a deadly weapon, with intent to inflict a bodily injury on the person of another, where no considerable provocation appears, estops the defendant, when sued in an action of trespass for damages for the same assault, from justifying the assault as having been made in the proper defense of his person or property. The trial court, answering this question in the negative, permitted the appellee, who was the defendant in the court below, to give his reasons for pleading guilty to the indictment. The appellant challenges the correctness of this ruling.

The law is that a judgment in a criminal case, though admissible to establish the fact of the rendition of the judgment, can not be given in evidence in a civil action to establish the facts on which it was rendered. 1 Greenleaf on Evidence, 12th Ed., Sec. 537; Freeman on Judgments, 3d Ed., Sec. 319; Corbley v. Wilson, 71 Ill. 209. Many reasons are assigned in support of this rule of law; as, that there is no mutuality; that the rules of decision and the course of proceeding are not the same; that the defendant could not avail himself in the criminal proceeding of any admissions of the plaintiff in the civil action. It seems also to be the law that the record of a judgment in a criminal case, upon a plea of guilty, is admissible in a civil action against the defendant as a solemn judicial confession of the fact. See note 5 to the section of Greenleaf on Evidence above cited, where it also stated that according to some authorities such a record is conclusive, but that the conclusiveness thereof has since been doubted, for the reason that the plea may have been made to avoid expense.

In our opinion, sound reason favors the latter view. In the case before us, the evidence shows, without contradiction on the part of appellant, that the latter had threatened to break up appellee with expensive litigation and to run him out of the country. Appellee testified that he had entered the plea of guilty in the criminal case, under the influence of these threats, because he "didn't want to go to court" and thought "pleading guilty would be the cheapest way to get out of it." The costs of a criminal proceeding, such as assault and battery, not unfrequently amount to more than the maximum fine which can be imposed. If the defendant in such a case, even though not guilty in fact, should prefer to plead guilty and pay a fine rather than undergo the ordeal of a trial by jury, with all its embarrassment, expensiveness and uncertainty, he should be permitted to do so, without any fear of having the record produced as a conclusive estoppel upon him if a civil action should be brought to recover damages for an injury growing out of the same occurrence. The record should be admitted in evidence as a solemn admission to be weighed by the jury in connection with all the other evidence in the case; but until the Supreme Court of this State shall hold the contrary, it will be our opinion that such a record is not conclusive.

Aside from the merits of the question, appellant is in no position to ask a reversal of the judgment on the point under consideration, for the reason that no exception has been preserved to the ruling of the trial court in admitting the evidence complained of, and the instructions on both sides recognize self-defense as a proper issue under the evidence.

Another alleged error relied upon by appellant, is the refusal of the court to permit appellee to answer, on cross-examination, whether or not he went before a justice of the peace on the day of the difficulty and complained against himself as being the aggressor, asking the justice to fine him for an assault and battery. The record fails to show that any exception was taken to this ruling, and therefore the question is not properly before us for consideration.

It is alleged that the court erred in giving appellee's first

instruction, which told the jury to find the defendant not guilty, unless the plaintiff had proved every material allegation of the declaration by a preponderance of the evidence. It is said that this instruction would require the plaintiff to prove permanent disability of his right arm, whereas he would be entitled to recover on proof of temporary disability merely. But permanent disability, even if averred, need not be proved, being an immaterial allegation. Furthermore, an inspection of the declaration, which contains but one count, shows that it does not allege permanent disability. This instruction is generally understood as meaning no more than that the burden of proof is on the plaintiff in the first instance; and when taken in connection with other instructions, which show what the plaintiff must prove in order to recover, can not be regarded as misleading in any proper sense of the word. In fact the propriety of giving such an instruction is no longer an open question in this State. The Supreme Court have sanctioned the practice. O. & M. Ry. Co. v. Porter, 92 Ill. 437; Ladd v. Pigott, 114 Ill. 647.

Complaint is also made of the action of the court in giving the second, third, fourth and fifth instructions asked by appellee. As we understand appellant's argument, he does not question the soundness of these propositions of law in a proper case, but insists that they are not based upon the evidence in this record, and were, for that reason, calculated to mislead the jury. Without entering into a consideration of the evidence, it is sufficient to say that the evidence, though conflicting, justified the giving of these instructions, and authorized a verdict for appellee.

The only other complaint made by appellant, concerns the refusal of an instruction designated as appellant's second refused instruction. This instruction was properly refused, because it assumed that the fence over which the difficulty arose, was appellant's fence, and also that appellee assaulted appellant for taking it down, when these were the very questions in dispute, and vital to the decision of the controversy between the parties.

The judgment of the Circuit Court is affirmed.