## Catherine Cammarano, Appellee, v. Maggie Gimino, Appellant.

### Gen. No. 29,014.

EVIDENCE—*competency in civil action of record of conviction for same assault and battery.*  In an action for damages for assault and battery, the admission in evidence of the record of conviction of defendant for the same assault and battery in a criminal prosecution constitutes reversible error.

THOMSON, J., dissenting.

Appeal by defendant from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.  Heard in the third division of this court for the first district at the October term, 1923.  Reversed and remanded.  Opinion filed October 30, 1924.

CHARLES E. ERBSTEIN and JOHN B. FRUCHTL, for appellant.

DE STEFANO and MIRABELLA, for appellee; RICHARD E. DOOLEY, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is an appeal from a judgment in the sum of $1,000 in favor of the plaintiff and against the defendant for an assault and battery.

The suit was begun on June 13, 1921. The declaration consists of three counts. The first count charged that the defendant shot and wounded the plaintiff. The second charged that the defendant assaulted her, struck her with a knife and with her fists, threw her down and kicked her. The third count charged that the defendant beat and bruised and wounded her. The *ad damnum* is $10,000.

On July 2, 1921, the defendant filed a plea of not guilty. On May 14, 1923, the plaintiff filed a replication. On the same day the case was called for trial and a jury sworn to try the issues. On the next day, the defendant, having obtained leave of court, filed an additional plea of *son assault demesne*, alleging that the plaintiff first assaulted her and in lawfully defending herself, "did commit the supposed trespasses in the said declaration mentioned." On the same day, May 15, 1923, the plaintiff filed an additional replication to the plea of *son assault demesne*. That replication set up that at the March term, 1920, of the criminal court of Cook county, the defendant was indicted for assault with intent to kill the plaintiff herein, on October 23, 1919; that the defendant was arraigned and pleaded not guilty; that she was tried before the court without a jury, a jury being waived; that the defendant interposed the defense of necessary self-defense; that after hearing the evidence the court found the defendant guilty of assault with intent to do bodily injury, and assessed a fine against her in sum of $300 and costs, which the de-

fendant thereupon paid; that that assault for which the defendant was tried and found guilty in the criminal court was the same assault that was perpetrated upon the plaintiff herein on October 23, 1919; that the damages herein civilly sued for were caused by that assault; that the parties are the same in both cases; that the special plea of *son assault demesne* has been adjudicated and disposed of in the criminal court, as aforesaid; that the conviction of the defendant in the criminal court is a complete bar to the special plea. The plaintiff asked judgment that the special plea be quashed.

To that replication the defendant filed a general demurrer. The cause went to trial before court and jury, and at the close of the evidence an order was entered sustaining the defendant's demurrer to the first replication, and giving the plaintiff leave to stand on that replication. That order contained also the following:

"And this cause coming on now to be heard upon the defendant's demurrer to the plaintiff's additional replication to the defendant's special plea of justification heretofore filed herein, after arguments of counsel and due deliberation by the court said demurrer is overruled, thereupon at the close of all the evidence, the court instructs the jury to find the defendant guilty, and the jury say: 'We the jury find the defendant guilty and assess the plaintiff's damages at the sum of One Thousand Dollars.' "

The evidence of the plaintiff is that on October 23, 1919, the defendant shot at her three times, hitting her once; that she was injured so that she was taken to a hospital where she remained three weeks; that she was wounded in the right side and was in bed for three months and attended by a physician for six months. One Jennie Miele testified that she heard some shooting and turned round and saw the defendant shoot the plaintiff. Counsel for the defendant, upon cross-examination of the plaintiff, and upon the

examination of witnesses called for the defendant, undertook to show that the plaintiff first assaulted the defendant and that the defendant acted in self-defense; that before she fired at the plaintiff the latter followed her up, on a public sidewalk, struck her with a stick, and fired two shots at her, but the trial judge, in view of the defendant's demurrer to the additional replication which set up the conviction of the defendant in the criminal court, ruled that such evidence was incompetent; that evidence was only competent on the subject of damages.

On this appeal but one question is argued for the defendant, and that, in the language of the brief, is as follows:

"Was the trial court in error when it ruled that the conviction of the defendant in the criminal court forever barred her from proving under her plea of justification that she shot the plaintiff in self-defense?"

There is some confusion in the record as to the orders that were entered, but we shall assume, as counsel have, that the rulings and judgment of the trial judge were based on the assumption that the admission of the conviction in the criminal court rendered unnecessary and incompetent further proof of the assault and battery.

The Criminal Code, ch. 38, div. 2, ¶ 630, Cahill's Ill. St. 1923, provides as follows:

"Nothing in this Act contained shall be so construed as to prevent the party injured from having and maintaining a civil action for all damages and losses that he may have sustained in consequence of the commission of any criminal offense herein provided for; and no court shall allow or entertain the plea that the private injury is merged in the crime, or in any manner affected thereby: *Provided, however*, the record of conviction shall not be used as evidence in any civil action brought on any forged writing, or to recover the damages and losses sustained by the commission of any such criminal offense."

It is frequently stated "that a judgment in a criminal prosecution is no bar to a subsequent civil action arising from the same prosecution, and that the record of the criminal cause is not competent evidence in the civil action." 15 R. C. L. p. 1000, sec. 476.

In *Steel v. Cazeaux*, 8 Mart. (La.) 318, the court said:

"The general rule of evidence is, that a record of conviction, in a criminal prosecution, cannot be given in evidence in a civil suit for damages occasioned by the offense of which the party stands convicted. The reasons in support of this rule are, that it is *res inter alios acta,* and that the conviction may have been effected by testimony not admissible in the civil action."

In *Myers v. Maryland Casualty Co.,* 123 Mo. App. 682, in considering the competency of the record of a judgment in a criminal suit, the court said: "The proceedings in a criminal action must be regarded as *res inter alios acta.* In this country, the duty of prosecuting for public offenses is devolved upon a public officer chosen for the purpose instead of being left, as in England, to the voluntary action of the party injured. * * * The correct rule is that a judgment in a criminal prosecution cannot be received in a civil action to establish the truth of the facts on which it was rendered." As the record in that case showed that the conviction was upon a plea of guilty by the defendant, it was held to be admissible in evidence, "as a solemn admission to be weighed by the jury in connection with all the other evidence in the case," but, though admitted, should not be considered as conclusive.

In Greenleaf's Treatise on Evidence (13th Ed.), sec. 537, there is this statement:

"It is obvious that, as a general rule, a verdict and judgment in a criminal case * * * cannot be given in evidence in a civil action, to establish the facts on which it was rendered. If the defendant was convicted, it may have been upon the evidence of the very

plaintiff in the civil action; and if he was acquitted, it may have been by collusion with the prosecutor." Citing *Mead v. City of Boston,* 3 Cush. (Mass.) 404.

In 5 Corpus Juris 685, it is stated that "the general rule is that, in civil actions for the recovery of damages occasioned by an assault and battery, the record of the conviction of the defendant in a criminal prosecution for the same offense is not competent evidence."

In Freeman on Judgments, sec. 319, the following language is used: "The record of a conviction or of an acquittal is not, according to a decided preponderance of authority, conclusive of the facts on which it it based in any civil action." Citing *Betts v. New Hartford,* 25 Conn. 180, 185; 1 Greenl. Ev., sec. 537; *Corbley v. Wilson,* 71 Ill. 209; *Steel v. Cazeaux, supra; Mead v. Boston,* 3 Cush. (Mass.) 404; *Cottingham v. Weeks,* 54 Ga. 275.

In *Corbley v. Wilson,* 71 Ill. 209, in an action of slander, for charging the plaintiff with the commission of a crime, to which the defendant pleaded the general issue and a special plea of justification that the words spoken were true, the court held that it was error to permit the plaintiff to read in evidence the record of an indictment against him for the same crime, and of his trial and acquittal. That decision, however, was based on the principle "that no man should be affected by proceedings to which he was a stranger."

In *Young v. Copple,* 52 Ill. App. 547, the question was presented, "whether or not a plea of guilty to an indictment for an assault with a deadly weapon, with intent to inflict a bodily injury on the person of another,   *   *   *   estops the defendant, when sued in an action of trespass for damages for the same assault, from justifying the assault as having been made in the proper defense of his person or property." The court in that case said:

"The law is that a judgment in a criminal case, though admissible to establish the fact of the rendition of the judgment, cannot be given in evidence

in a civil action to establish the facts on which it was rendered." Citing 1 Greenleaf on Evidence (12th Ed.), sec. 537; Freeman on Judgments (3d Ed.), sec. 319, and *Corbley v. Wilson, supra.*

The court, however, further said:

"It seems also to be the law that the record of a judgment in a criminal case, upon a plea of guilty, is admissible in a civil action against the defendant as a solemn judicial confession of the fact."

No case in this State exactly in point has been cited or has been found, so that we are left to consider decisions of other judisdictions, the dicta of our own and the reasoning properly applicable to a situation of new impression. It seems at first blush that such a judgment ought to be admitted either as conclusive proof, or, at least, as competent proof subject to rebuttal. But, upon careful analysis, it is found that there may be quite substantial reasons why it should not be admitted as conclusive proof. The parties are not, in full truth, the same. A criminal prosecution by the State's Attorney is not one by the plaintiff in the civil suit. That, however, where the defendant is found guilty, as here, does not seem, by itself, sufficient reason for excluding the judgment. There may be, nevertheless, as regards the evidence that was adduced at the trial of the criminal case, some hardship. For example, the defendant though there found guilty may have been disappointed by the absence of witnesses, and in view of the fine or punishment probable may have been willing to go to trial and take his chances even though he believed himself innocent. Many possible reasons might be assigned why he went to trial and failed, even though innocent. Whether such reasoning is entirely sound, we are not sufficiently convinced to be dogmatic about it. Inasmuch, however, as the principle has been recognized so often, and frequently announced in many jurisdictions as an unqualified canon of the law of evidence, we feel that it is more in the interest of exact justice, if not

of expediency, to err in its recognition and apply it here than to repudiate it. It may be urged that it would be better to admit the record of the conviction in evidence, not as conclusive, but subject to rebuttal. The trouble with that argument is that if allowed in evidence before a jury, for example, it would unquestionably, at least in all probability, have such weight that the seeming privilege of rebuttal would be entirely nugatory.

After careful consideration, we are of the opinion that error was committed in overruling the demurrer to the additional replication.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

O'Connor, P. J., concurs.

Mr. Justice Thomson dissenting: I do not concur in the foregoing decision of this case. As a general rule, a civil action for damages is not affected by the record of a criminal prosecution previously had, involving the same event as that upon which the civil suit is based, and the criminal record is not conclusive in the civil case, as to the facts involved. This rule is laid down by the various text-writers, as set forth in the majority opinion and followed in many decisions, a number of which are cited in the opinion. But this general rule may not be applied in all situations, and, in my opinion, the situation presented in the case at bar is one of them. The record of an acquittal in the criminal court cannot be conclusive, as to the facts there involved, in a subsequent civil action involving the same facts, because the jury in the civil suit may find the defendant in that suit guilty, and assess damages, if they believe the case charged has been made out by a preponderance of the evidence, even though that preponderance may be slight, whereas in the criminal action the defendant could not be found guilty unless the court or jury believed the de-

fendant guilty, beyond all reasonable doubt. But where, in a criminal action, a defendant has been found guilty, the court or jury having believed, beyond all reasonable doubt, that the charge laid in the indictment was proven, a different situation is presented and there, in my opinion, the criminal record may be conclusive as against the defendant in the criminal case, in a subsequent civil action, on an issue of fact squarely presented in both cases, for, in the civil case, the defendant must be held liable in damages provided only, he or she is found guilty, by merely a preponderance of the evidence. Again, it is of course true that the record even of a conviction in a criminal proceeding should not be considered conclusive or even admissible in evidence, as against a party in a subsequent civil action, who was neither a party nor privy to any party in the criminal proceedings. But that is not the situation presented in the case at bar.

In my opinion, the cases referred to by the textwriters in support of the general rule, many of which are referred to in the majority opinion, may all be distinguished from the facts involved here. *Steel v. Cazeaux*, 8 Mart. (La.) 318, referred to in the majority opinion, was a suit for damages by one slave owner against another, the claim being that the defendant's slave had assaulted and killed a slave belonging to the plaintiff. In the course of the trial the plaintiff offered in evidence, against the defendant, the record of the prosecution and conviction of the defendant's slave, for the assault which was alleged to have been the cause of the death of the plaintiff's slave and which resulted in the damage which the plaintiff was seeking to recover from the defendant, in the civil suit. There, of course, the general rule was properly applied on appeal, as the defendant slave owner had nothing to do with the criminal prosecution and was not in any sense a party to the criminal case, privy or otherwise, and therefore could not be bound by it.

*Myers v. Maryland Casualty Co.,* 123 Mo. App. 682, was a civil action for damages by the holder of an accident insurance policy who had been injured in an assault by his tenant. Previous to the bringing of this civil action, the plaintiff therein, who was the policy-holder, prosecuted his tenant criminally and the tenant had been acquitted on that trial. It was held in the civil suit that the record of the acquittal of the tenant, in the criminal action, could not be used as evidence in the civil suit. It will be seen that this must necessarily be true, because the insurance company was not a party to the criminal case and had nothing to do with it. Further, it involved a record of an acquittal, which should not be permitted to enter into a subsequent civil case, for the reason above referred to.

Among other cases cited by the text-writers, in support of the general rule and referred to in the majority opinion, *Mead v. City of Boston,* 3 Cush. (Mass.) 404, was a civil action, neither of the parties to which had been involved in the previous criminal action, the record of which was sought to be invoked in the civil suit. *Cluff v. Mutual Benefit Life Ins. Co.,* 99 Mass. 317, is another case cited by the text-writers in support of the rule. This was an action by a beneficiary on a life insurance policy, one condition of which was that it would be void if the insured should die in the known violation of any law. The record of the trial and acquittal of the person who had killed the insured was held to be incompetent on the question of whether the condition of the policy had been broken. Here again the party in the civil suit against whom it was sought to make use of the record in the criminal case had not been a party to that criminal case nor privy to any party in that case, and, therefore, of course, could not be bound by it. Further, the record involved an acquittal and not a conviction.

*Cottingham v. Weeks,* 54 Ga. 275, was another case

referred to by the text-writers and cited in the majority opinion. There, a widow brought a civil action for damages against the man who had killed her husband and it was held that the defendant could not introduce in his behalf the record of his acquittal in the criminal case, in which he had been charged with the homicide of the plaintiff's husband, and it was pointed out that the record could not be used against the plaintiff in the civil suit (the widow) inasmuch as she was not a party to the criminal case and had no part in it and had not been in a position to examine or cross-examine witnesses. Here again it should also be noted that the record sought to be used was one of acquittal.

The text-writer in 5 Corpus Juris 685, quoted in the majority opinion, cites in support of the general rule: *Risdon v. Yates*, 145 Cal. 210; *Jefferson v. Adams*, 4 Har. (Del.) 321; *Seaboard Air Line Ry. Co. v. O'Quin*, 124 Ga. 357, and *Caverno v. Jones*, 61 N. H. 623. In the *California* case, it was held in a civil suit brought to recover damages for an assault and battery committed upon the plaintiff by the defendant that a plea of guilty by the defendant in a criminal case, in regard to the same assault and battery, was not conclusive, that it merely had the effect of an oral admission, and that where the plea was introduced by the plaintiff, it was error to refuse to allow the defendant to show all that was said by him when he made the plea, in the way of qualifying his admission, there being considerable conflict in the testimony as to which party had been the aggressor. In the *Delaware* case, it was held that proceedings which had been had in a criminal prosecution could not enter into a subsequent civil suit for any purpose, as the two cases were between different parties and the evidence in the two cases was different and the punishment inflicted as a result of the criminal prosecution had reference to the public peace, whereas in the civil suit damages were sought as compensation for the plain-

tiff's personal wrongs. In the *Georgia* case, the defendant railroad was sued for damages by a passenger who was evicted from one of its cars. The defendant asked leave to file a special plea on the trial, to the effect that the plaintiff had been indicted and convicted for using obscene language in the presence of women, upon the occasion in question. It was held that this plea was properly rejected and that the record of the criminal proceeding, when offered in evidence, was properly excluded. The court said that a judgment of conviction in a criminal prosecution constitutes no bar to a civil action based upon the same transaction, resting the rule upon the reasoning that the two proceedings are not between the same parties; different rules as to the competency of witnesses and the weight of evidence exist, and the issues in the two proceedings are not necessarily the same. The court also said that the party against whom the civil action was brought should not be held bound by the rule of the criminal proceeding, not having been a party thereto. In the *New Hampshire* case, the court held that the record of the conviction of the plaintiff, upon an indictment for an assault growing out of the same occurrence upon which the plaintiff based his action for damages against the defendant, was inadmissible in the latter case.

The *California, Georgia* and *New Hampshire* cases may clearly be distinguished from the case at bar. The two latter cases each involved a party defendant who had no connection with the criminal prosecution. The *Delaware* case is an old case decided in 1848. The opinion is very brief, giving no account of the facts involved.

Coming to our own State we find the case of *Corbley v. Wilson*, 71 Ill. 209, cited by the text-writers and referred to in the majority opinion. There Wilson,

the plaintiff, sued Corbley, the defendant, for slander and Corbley filed a special plea of justification, setting up that the words spoken by him were true. The slander complained of by the plaintiff, Wilson, was an assertion charging him with the commission of a crime, for which he had been previously indicted, tried and acquitted. In the trial of the civil suit for slander, the plaintiff, Wilson, was permitted to introduce the record in the criminal case, showing his acquittal, and this was held to be error, as Corbley had not been involved in any way in the criminal case. The court pointed out that Corbley was a ''stranger'' to the criminal case and could therefore not be bound by it, remarking that before he could be bound by such a record he must have been directly interested in the subject-matter of the proceedings involved in the criminal case, with the right to make defense, adduce testimony, to examine witnesses on the opposite side, and to control in some degree the proceedings, and that persons not having such rights are regarded as ''strangers'' to the cause and not bound by it. The court further said that privies would be bound. It would seem from this decision that Corbley had nothing to do with the prosecution of Wilson, and consequently he, of course, could not be bound by the record of that prosecution. Again, in this case, the record sought to be invoked was one of acquittal and not of conviction. And it not only was not sought to be invoked against one who was convicted, but against one who was a ''stranger'' to the criminal action.

Another *Illinois* case referred to in the majority opinion is *Young v. Copple,* 52 Ill. App. 547. That case involved a plea of guilty, in the criminal prosecution, and although the court there refers to the general rule invoked in the case at bar, the facts involved in the case cited are in no way applicable to the situation presented in the case at bar.

Counsel for the defendant in the case at bar, in

support of the appeal, cite the case of *Kitterman v. People,* 181 Ill. App. 682. There one O'Connor sued Kitterman for damages suffered as a result of an assault and battery inflicted upon O'Connor by Kitterman. O'Connor recovered a judgment against Kitterman for $2,000. Kitterman, failing to pay it, an execution against his body was issued upon the judgment and he was imprisoned. Kitterman then sought his discharge under the provisions of the act relating to insolvent debtors, and the court refusing to discharge him, he perfected an appeal to this court. The record discloses that prior to the recovery of the civil judgment against Kitterman he had been acquitted by a jury in a criminal prosecution for assault and battery, and it was contended that such judgment of acquittal in the criminal court was conclusive upon the question of malice in the civil action, and that therefore Kitterman should have been discharged. This court held the contrary, pointing out that O'Connor, the plaintiff in the civil action, against whom it was sought to invoke the record in the criminal case, was neither a party nor privy to the criminal prosecution, citing *Corbley v. Wilson, supra.* Here again, it should also be noted that the record involved was one of acquittal and not of conviction.

Freeman says in section 319, in his work on Judgments, that "notwithstanding the weight of reason and of precedent opposing the admission of any record of a criminal cause as an estoppel in any civil action, it must be admitted that the precedents are not, on this subject, consistent with one another." The author then points out the fact that the record of a plaintiff's conviction in a criminal case is conclusive evidence against him in a civil action, for malicious prosecution, based on that conviction, to the effect that the prosecution was not without probable cause. The author then also refers to *Anderson v. Anderson,* 4 Greenl. (Me.) 100, 16 Am. Dec. 237; and *Randall v.*

*Randall,* 4 Greenl. (Me.) 326, in which the record of a conviction of a defendant upon an indictment for adultery was received in a subsequent action against him for divorce, as evidence both of his marriage to the plaintiff and of the adultery charged.

It would seem to be impossible to lay down a general rule on this proposition which would be applicable to all situations. In my opinion the situation presented by the case at bar is not one where the rule announced by the text-writers, as above set forth, and which is invoked by the defendant in support of her appeal, may properly be applied. In this case, the defendant, upon being sued for damages as a result of an assault and battery upon the plaintiff, interposed a special plea of self-defense, and in replying to that plea the plaintiff set up that the defendant had been indicted on a charge of assault with intent to kill, based on the same occurrence on which this civil action is based, and that in the criminal action the defendant had pleaded not guilty, and that upon the trial of that case she had interposed the same defense, namely, self-defense, claiming that this plaintiff had attacked her, thus necessitating the assault for which the defendant was indicted; and that there was a hearing on that issue in the criminal court, resulting in a finding of guilty against the defendant. Thus the record of the criminal court is pleaded in the civil action by the plaintiff, against one who was a party defendant in the criminal court case. While the plaintiff in the civil case was, strictly speaking, not a party to the criminal case, she certainly must be regarded as privy to it. It is true that the criminal case involved the question of the punishment of the defendant for a breach of the public peace and an offense against a public law, while the civil action brought by this plaintiff involved a breach of the plaintiff's private rights, but, in my opinion, that should not affect the situa-

tion. It was held in *Maybee v. Avery*, 18 Johns. (N. Y.) 352, that a conviction in a criminal case may be invoked against one of the parties to that case, in a civil action, by one who was not actually a party to the criminal case, because in the latter case the public is the party aggrieved and the prosecution is carried on through their representatives, and any individual may thereafter, when necessary, avail himself of the fact that there was a conviction and that the party against whom such conviction is raised cannot complain for he was a party to the criminal action and had an opportunity to defend and cross-examine witnesses, and to reverse the judgment if it was erroneous. In that case the plaintiff sued the defendant for slander, alleging that the latter had called him a thief. The defendant defended by attempting to justify and show the truth of his words, and he was permitted to show that the plaintiff had been convicted in the criminal action of stealing his, the defendant's chickens. The court held, however, that the conviction in the criminal case was not conclusive but that it could be considered only as prima facie proof, and that "the plaintiff ought to have been allowed to controvert the fact anew. Such a judgment would only be conclusive when it came in question collaterally, not when the issue was directly whether the plaintiff was guilty of the larceny or not." I am unable to appreciate the soundness of the latter ruling. In the case cited, as well as in the case at bar, the party against whom the criminal record was invoked was a party to the criminal case and the other party to the civil case was privy to the criminal case, and the precise question raised by the issues formed in the civil case was before the court in the criminal case, and decided against the contentions of the party against whom the record was invoked in the civil case, and that decision resulted in an action where it required conviction beyond a reasonable doubt. In my opinion,

where there is a subsequent civil action by the same persons, who were either party to or privy to the criminal proceedings, the defendant should be precluded from again trying out the precise issue which was decided against him, ''beyond a reasonable doubt'' in the criminal case. I am, therefore, of the opinion that the demurrer interposed by the defendant in the civil case, to the replication filed by the plaintiff, setting up the conviction of the defendant in a criminal proceeding, in which the defendant had raised the issue of self-defense, that replication being filed to a plea of self-defense interposed by the defendant in the civil suit, should be overruled. I am, therefore, of the opinion that the trial court, in the case at bar, acted properly in making that ruling on the pleadings and it follows, of course, that the defendant was properly precluded from interposing any evidence tending to establish his plea.