## Catherine Camerano, Plaintiff in Error, v. Maggie Gimino, Defendant in Error.

### Gen. No. 30,338.

1. APPEAL AND ERROR—*when legal sufficiency of pleading res adjudicata upon second appeal.* Where the Appellate Court has reversed a judgment upon the ground that the defendant's demurrer to the plaintiff's replication should have been sustained, the sufficiency of such replication, as against demurrer, is *res adjudicata* upon a subsequent appeal of the case.

2. ASSAULT AND BATTERY—*sufficiency of evidence to sustain verdict for defendant.* Verdict for defendant, in action for damages for assault, held not so manifestly against the weight of the evidence as to warrant interference therewith by the Appellate Court.

3. ASSAULT AND BATTERY—*admissibility of evidence of conviction in criminal court, in subsequent civil suit for damages.* In an action for damages for assault it was not error to sustain an objection to a question asked of defendant on cross-examination: "What happened before Judge Gridley?" designed to bring out what took place at the trial of the defendant in the criminal case growing out of the same transaction, the question being too broad and too general.

4. ASSAULT AND BATTERY—*admissibility of evidence as to prior ill-feeling between parties.* In an action for damages for assault it was not error to admit evidence tending to show the existence of bad feeling between the parties prior to the time of the alleged assault.

5. ASSAULT AND BATTERY—*instructions examined and held sufficient.* Instructions in an action for damages for assault, taken as a whole and read as a series, held to have properly and fairly enlightened the jury as to the law applicable to the case.

THOMSON, J., dissenting.

Error by plaintiff to the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Affirmed. Opinion filed October 13, 1926.

STOUGH, CAROLSON & LOY, for plaintiff in error.

FRUCHTL & BUSCH, for defendant in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On June 13, 1921, Catherine Camerano began a suit of trespass on the case in the superior court against Maggie Gimino, the defendant. On the same day she filed a declaration charging that on October 23, 1919, without provocation, the defendant shot her with a revolver, struck her with a knife and fists and seriously injured her. On July 2, 1921, the defendant filed a plea of the general issue, and subsequently filed a plea of justification, alleging that the shooting and what was done by her, was done in self-defense. To that plea the plaintiff filed a replication, setting up that the defendant had been tried on an indictment for the same charges the declaration made, and that at a trial upon the indictment in the criminal court the defendant pleaded not guilty, and upon trial was convicted and fined $300 and costs; which amounts she had paid in full. To the replication, the defendant filed a demurrer. The trial judge overruled the demurrer, and directed a verdict in the sum of $1,000 in favor of the plaintiff. On appeal from that judgment this court reversed the case and remanded it with instructions to sustain the defendant's demurrer to the replication —*Cammarano v. Gimino,* 234 Ill. App. 556—and, upon the cause being reinstated in the superior court, the defendant's demurrer to the replication was sustained. The plaintiff then filed a replication to the special plea, and a new trial was had, and a verdict and judgment rendered finding the defendant not guilty.

For reversal, four contentions are made: First, that sustaining the demurrer to the plaintiff's replication was error; second, that the verdict is against the manifest weight of the evidence; third, that evidence of the conviction in the criminal court should have been admitted; fourth, that evidence of bad feeling between the parties was inadmissible, and, fifth, that error was

committed in the giving and refusing of certain instructions.

First. As to sustaining the demurrer to the plaintiff's replication, that matter is in this cause *res adjudicata. Cammarano v. Gimino, supra.*

Second. As to the verdict being against the manifest weight of the evidence. The plaintiff and defendant, two women, mothers of children, neighbors, the plaintiff living at 4900, and the defendant at 4848 Federal Street, Chicago, had a serious altercation, the result of which was that the plaintiff was shot in the right side of the chest, and severely injured by the defendant. The evidence of the details of what actually transpired is irreconcilably in conflict.

The story of the plaintiff is that on October 22, 1919, she saw the defendant, three times; that on the first occasion the defendant came over to her house and called her ugly names and said she wanted to kill her; that on the second occasion about 2 or 2:30 p. m., the same day, the defendant came and called to her, the plaintiff, and asked her to come out on the street and said, "Come here, you big ——, we want to kill you"; that she, the plaintiff, said she did not want to come down, that she was all right in front of her own door; that she was not going to leave her premises; that the defendant said, "You are not going to leave there because if you do we will kill you. We know the law of the United States, if you leave your place, we can kill you"; that about 5 p. m., when she, the plaintiff, was near the passageway, having gone out to get some fresh air, the defendant came a third time; that as soon as she arrived and while on the sidewalk, she pulled out a gun and shot at her, the plaintiff, three times; that she, the plaintiff, had not said anything and did not have a gun or knife at the time and did not strike her.

The plaintiff's testimony was substantially corroborated by that of her daughter, Josephine Rich (nee

Camerano) who testified that at the time in question she was 10 years old. The only other witness for the plaintiff who testified to the occurrence was one Phelps, but he knew nothing of what transpired, until his attention was attracted by hearing the first shot.

The story of the defendant is that there had been trouble between her family and that of the plaintiff, and on the day before the shooting, as she, the defendant was going home, the plaintiff called out, "You come here, you dirty whore, and I am going to kill you"; that the plaintiff had a stick in her hands; that on the afternoon of October 22, a little after 5 o'clock, while passing near the plaintiff's house, in company with one Mary Caputo, the plaintiff ran after her with a stick, and after saying to her, "You are a whore, you want to live yet," struck her, and as she, the defendant, turned around, pointed a gun at her, the defendant's breast, and shot at her; that then she, the defendant, pulled her gun and shot the plaintiff.

The testimony of the defendant is corroborated by that of her niece, Mary Caputo, who was 13 years old at the time of the shooting. She testified that the plaintiff hit the defendant on the head with a stick, and while some one was trying to take the stick away, she took a gun out of her apron pocket and fired two shots; that, then, the defendant shot back, once; that at the time the plaintiff was shooting, she was three or four feet away from the defendant. The testimony of the defendant is also corroborated, as to the shooting, by Mabel Wilcox, who was 12 years old at the time; and also by Jennie Gallo.

It is urged for the plaintiff that from the evidence, no other conclusion can be reached than that the defendant was not justified, in shooting, on the ground of self-defense. As we have already said, the testimony is irreconcilable, and, as the jury saw all the witnesses, they were much better situated than we are to pass upon the all important questions of credibility.

We have read and examined the evidence, and although there is much confusion of facts, and many discrepancies, contradictions, and although perjury was undoubtedly committed by some of the witnesses, with the record as it is, we do not feel justified in overriding the verdict.

Third. As to the admission of evidence of what transpired at the trial of the defendant in the criminal court. When the defendant was on the witness stand, and just after she had stated that she testified before Judge Gridley in the criminal case, she was asked, on cross-examination, by counsel for the plaintiff, "What happened before Judge Gridley?" That was objected to, the objection sustained, and exception taken. No reason was given for the objection, and taking the question as it appears, it was objectionable; it was altogether too general and too broad. Further, taken to the full, it would have permitted even all that was ruled out of the case by sustaining the demurrer to the plaintiff's replication.

Fourth. As to the inadmissibility of evidence of bad feeling between the parties. We think that was competent. Further, though the point is made in plaintiff's brief, it is not argued.

Fifth. As to the instructions. The two instructions, numbered one and two, given for the defendant, and which are claimed by the plaintiff to constitute error, are as follows:

1. The court instructs the jury that if they believe from all the evidence the plaintiff assaulted the defendant with a deadly weapon, the defendant had the right, under the law of the land, to repel such an assault by the use of a deadly weapon; and if in repelling such assault, the defendant wounded the plaintiff by shooting her, then such shooting was justifiable and the jury should find the defendant not guilty.

2. The court instructs the jury that if they find from all of the evidence that the plaintiff first struck

the defendant with a stick, and shot at her with a revolver, that thereupon the defendant acting as a reasonable and prudent person, drew a revolver for the purpose of defense, and thereby the plaintiff was injured, then the defendant would not be liable for damages so inflicted.

It must be borne in mind that the jury had already been instructed in instructions numbered one and two, given by the plaintiff, that they should "render a verdict for the plaintiff  *  *  *, unless they further believe, from the evidence and nothing else, that such shooting was done by defendant in necessary self-defense of her person, and that such violence was no more than a reasonable man or woman would use in such self-defense," and that, "the burden of proof is upon the defendant to establish, by a preponderance of the evidence, first, that the shooting of the plaintiff was made in necessary self-defense; second, that in doing the shooting, the defendant used no more force than was necessary to protect herself."

Taking the instructions as a whole and read as a series, as they should be, we think they properly and fairly enlightened the jury as to the law that was apt. *Drda v. Illinois Terminal R. Co.*, 210 Ill. App. 640.

For the reasons stated the judgment will be affirmed.

*Affirmed.*

O'CONNOR, J., concurs.

MR. JUSTICE THOMSON, dissenting: With the presentation of this appeal, we have a good illustration of the possible consequences of the decision which was rendered by the majority of this court, when this case first came before us. (234 Ill. App. 556.) There have now been two trials of the same issue of fact in separate cases, in both of which the same individuals were either the parties directly involved or privy thereto, and the verdict returned in the civil case is the direct opposite to the finding made in the criminal case. Our

law should be so determined as to avoid any such situation.

In my opinion the giving of the instructions designated in the record as defendant's given instructions 1 and 2, was error. They purported to give the jury a rule of law which was very material and pertinent to the issue of fact presented, and as given they were clearly wrong. They are peremptory instructions which may not be helped in anything the court may have said in some other instruction. In my opinion the judgment should not be permitted to stand.