CAROLINE COTTINGHAM, plaintiff in error, vs. WILLIAM J. WEEKS, defendant in error.

In a suit by a widow for the homicide of her husband, the record of the acquittal of the defendant, under an indictment for the murder of the husband, is not evidence for the defendant in the civil suit, and a plea of such acquittal is demurrable.

*Tort.* Husband and wife. Evidence. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1874.

A report of this case is unnecessary.

H. L. BENNING; W. A. LITTLE, by M. J. CRAWFORD, for plaintiff in error.

BLANDFORD & GARRARD; E. H. WORRILL, for defendant.

McCAY, Judge.

We have looked carefully into the authorities for cases or principles to sustain the right to introduce this judgment in the criminal case as evidence in the civil one. It is not between the same parties; different rules, as to the competency of witnesses and as to the weight of evidence necessary to the finding, exist. Besides, the present plaintiff was in no sense a party; she had no part nor lot in it; she could not even examine or cross-examine a witness. Suffice it that there is, so far as we can find, no case to be found to sustain the introduction. The case in 23 *Georgia*, 193, stands on a different footing. There, the question was whether the defendant had not already been punished, and the *fact* that a fine had been imposed was offered to show that the jury ought not to *punish* him again by *vindictive* damages. That, we think, was eminently proper, and stands on entirely different principles. That the state has had a verdict of not guilty against it can be no evidence against the plaintiff, and the plea to that effect is wholly irrelevant.

Judgment reversed.