### 30991. MARTIN v. THE STATE.

DECIDED SEPTEMBER 19, 1945.

*M. G. Hicks,* for plaintiff in error.

*Henderson L. Lanham,* solicitor-general, *Chastine Parker,* contra.

BROYLES, C. J. The defendant was tried for forgery on an indictment containing three counts, and was convicted on all of the counts, the verdict reading: "We, the jury, find the defendant guilty on all three counts. Min. 3 years, Max. 4 years. J. N. Hart, Foreman." The judge sentenced the defendant to be confined at hard labor "for a term of not less than 3 years and not more than 5 years on each count, the sentence on each count to run consecutively." The motion for new trial, containing the general grounds only, was overruled, and that judgment is assigned as error in the bill of exceptions. There was no other assignment of error, but it is contended in the brief of counsel for the plaintiff in error that the sentence imposed was excessive and contrary to the finding of the jury, and that the court was without authority to impose such a sentence.

"Matters relating to the form or substance of the sentence can not legally be made grounds for a new trial. If the sentence is for any reason erroneous, the error can be corrected only by direct exception." *Daniel* v. *State,* 6 *Ga. App.* 164 (3) (64 S. E. 574); *Montgomery* v. *State,* 40 *Ga. App.* 507 (2) (150 S. E. 451), and citations. In the instant case there was no exception whatever (not even in the motion for new trial) to the imposition of the sentence.

The exception to the judgment on the motion for new trial, not having been argued or insisted upon in the brief of counsel for the plaintiff in error, is treated as abandoned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*