## 25904. HESS OIL & CHEMICAL CORPORATION v. NASH et al.

ALMAND, Chief Justice. Mrs. Ruby D. Nash in her suit against Hess Oil & Chemical Corporation and Clarence W. Craig, sought to recover damages for the wrongful death of her husband who was killed by defendant Craig, an employee of Hess Oil Corp. On the trial of the case the jury returned a verdict in favor of the defendants. The plaintiff filed her motion for a new trial. Ground 19 of the amended motion asserted that the court erred in permitting counsel for the defendants to read before the jury a portion of plaintiff's interrogatory on the examination of an employee of defendant Hess Oil wherein the witness stated, "Mr. Craig was neither discharged nor did he resign. . . Mr. Craig was incarcerated in jail from March 6, 1966, until March 15, 1966, when he was tried for murder and acquitted." Counsel for the plaintiff objected on the grounds that what transpired in the murder trial was inadmissible. The court struck the word "acquitted" from the answer. In her motion plaintiff contended that striking the word "acquitted" did not cure the gross and highly prejudicial error, citing *Cottingham v. Weeks,* 54 Ga. 275.

Ground No. 20 of the amended motion for a new trial contained

the following assignment of error: "Because the Court erred in allowing Mr. DeRieux as counsel for defendant Hess Oil and Chemical Corporation to argue to the jury the fact that defendant Craig had been acquitted by a jury in a trial for murder at Lawrenceville, Georgia, for killing movant's husband, and in allowing him to argue to the jury that they should find for the defendants because the people of Lawrenceville, Gwinnett County, knew defendant Craig better than the people in Fulton County and had acquitted him in the murder trial and that he was living proof that the people of Lawrenceville who knew him best did believe him. The following occurred at the time Mr. DeRieux made said improper argument to the jury: Mr. Aiken: "Your Honor, I'll object to that statement he just made, to the effect that 'he's living proof that the people in Lawrenceville did believe him.' That's contrary, as I understand it, to your Honor's ruling concerning the result of any case anywhere else. We're trying this case here, and I didn't want to interrupt him, but— The Court: I'll give him the same right I accorded you. You can make your own arguments, you can draw inferences, and —your own ideas, from the evidence that's involved. The jury will, in the final analysis, make its own mind up about the matter. I think you have a right to draw inferences and your own deductions."

Ground No. 28 complained that the court erred, "in not instructing counsel for the Defendant Hess Oil and Chemical Corporation at the beginning of the trial, and before any evidence whatever was introduced, as requested by plaintiff's counsel, that the verdict of acquittal of Defendant Clarence William Craig in the case of the State of Georgia v. said Craig for murder in Gwinnett County Superior Court on March 15, 1966, was not admissible in evidence in this civil case and that no reference could be made directly or indirectly in this civil case to said murder trial and verdict of acquittal therein.

"Plaintiff shows that her counsel at the beginning of the trial and before any evidence was introduced, urged this court, outside the presence and hearing of the jurors from which a jury was to be stricken, to instruct counsel for defendant Hess Oil and Chemical Corporation that the verdict of acquittal of defendant Clarence William Craig in the case of the State against him in Gwinnett Superior Court for murder

was not admissible in evidence in this civil case and that no reference should be made, directly or indirectly, during the trial of this case to said verdict of acquittal or to said murder trial. At that time counsel for plaintiff cited to the court the decision of the Supreme Court of Georgia in *Cottingham v. Weeks,* 54 Ga. 275, holding that the fact that the State had a verdict of not guilty against it in a case against the killer of the husband of the wife suing for the homicide of her husband can be no evidence against the plaintiff."

The amended motion for a new trial was overruled and an appeal was taken to the Court of Appeals, and errors were enumerated on the overruling of the motion for a new trial.

In reviewing grounds 19, 20 and 28 of the amended motion for a new trial the Court of Appeals held: "Viewing any one of these specific instances standing alone, we can assume, without deciding, that the trial judge did not abuse his discretion. However, we believe that when viewed in their totality, the cumulative effect is one which in reality destroys the well established rule that the result of a criminal trial is inadmissible evidence in a civil action. *Cottingham v. Weeks,* 54 Ga. 275; *Webb v. McDaniel,* 218 Ga. 366 (127 SE2d 900); *Padgett v. Williams,* 82 Ga. App. 509 (61 SE2d 676)." *Nash v. Hess Oil & Chemical Corp.,* 121 Ga. App. 546 (2) (174 SE2d 373).

The defendants, after their motion for a rehearing was denied, petitioned this court for the grant of the writ of certiorari.

To the ruling of the Court of Appeals, quoted above, petitioner assigns error: "as being contrary to law in that the appellate courts are courts for the trial and correction of errors of law and that as such they shall not decide any questions [sic] unless it is made by a specific enumeration of error and that upon such consideration, the appellate court shall not reverse the ruling of the trial court unless such enumerated error is found to be harmful error. (B) None of the four rulings to which the Court of Appeals addressed itself amounted to harmful error, and the applicant assigns as error the holding of the Court of Appeals wherein it was held that the cumulative effect of the four rulings amounted to harmful error. Such ruling is contrary to law and contrary to the fundamental principle that a decision of the trial court will only be reversed where there is a specific finding of harmful error."

We granted the writ and we now reverse.

The Court of Appeals has jurisdiction for the trial and correction of errors of law. Art. VI, Sec. II, Par. VIII of the Constitution of Georgia (*Code Ann.* § 2-3708). The Appellate Practice Act of 1965 (*Code Ann.* § 6-810) provides that the appellant shall file with the Clerk of the Court of Appeals "an enumeration of the errors, which shall set out separately each error relied upon." In the instant case plaintiff made specific assignments of error on three separate rulings of the trial court. The Court of Appeals in its decision did not decide whether any one of the three specific assignments of error was meritorious, but assumed "without deciding" that each assignment of error standing alone did not show that the trial judge had abused his discretion. There was no assignment of error by the appellant that the three specific enumerations of error when "viewed in their totality," would have the cumulative effect of destroying the established rule "that the result of a criminal trial is inadmissible evidence in a civil action." We do not know of any law or rule of practice and procedure that authorizes the Court of Appeals or this court to examine the entire record and grant a new trial upon a ground of their own making and not upon a ground specified by the appellant. The duty of the appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them. As was said in Nicholas v. Yellow Cab Co., 180 NE2d 279, 286, "Any error shown upon the record must stand or fall on its own merits and is not aided by the accumulative effect of other claims of error."

This case is returned to the Court of Appeals for further consideration and disposition, not inconsistent with this opinion.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 15, 1970—DECIDED SEPTEMBER 10, 1970—
REHEARING DENIED SEPTEMBER 24, 1970.

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, James A. Eichelberger,* for appellant.

*G. Seals Aiken, Craig & Reeves, John L. Respess, Jr.,* for appellees.