## 45904. HARMON v. SOUTHERN RAILWAY COMPANY et al.

EVANS, Judge. This case involves a condemnation in rem in which the special master made an award in favor of the condemnees; exceptions of fact and exceptions of law were filed to the findings of fact and conclusions of law contained in said award, by both condemnor and condemnee, Charles C. Harmon. An appeal to the jury has also been taken in accordance with law by the condemnee. In the judgment here complained of the court stated that "None of such exceptions raise any issue as to the condemnor's right to condemn the property . . . and that fee simple title to such property should be declared to be vested in the condemnors." *Held:*

1. Motion to dismiss the appeal is denied.
2. The Court of Appeals of Georgia was created in 1906 as an arm of the Supreme Court of Georgia solely as a reviewing court, with no original jurisdiction, for the purpose of correcting errors of law in lower tribunals. Constitution of Georgia of 1945; *Code Ann.* §§ 2-3704, 2-3708.

This court cannot render advisory opinions, as such, although, of course, in many cases where the *principal question* decided leaves the case for further treatment in the lower court, instructions are often given for the guidance of the lower court and counsel for the parties. In this regard, however, we emphasize that there must be a justiciable principal question for determination before any decision can be rendered by this court. The jurisdiction and powers of this court are therefore restricted and limited. Therefore, appellant's request that we hold that none of the rulings of the special master are binding upon condemnee and that condemnee is entitled to a trial de novo before a jury on all issues related to value and damages without regard thereto is beyond our jurisdiction and power, for the reason that the lower court has made no ruling respecting this matter, but, to the contrary, has expressly reserved said questions in this language: "This order is made . . . without prejudice to any right of appeal which the parties may have as provided by law, and without prejudice to the rights of

either party to insist upon each of their pending exceptions in any manner provided by law, *ruling on such exceptions being expressly reserved by this* order." (Emphasis supplied.)

This court has no original jurisdiction, and no right to make a ruling on questions in the lower court which have not yet been ruled on there. We must therefore respectfully decline to make the ruling requested by appellant, or any ruling whatever, thereon. We leave this matter in the lower court without prejudice to the rights of either party, for such action as the court may take thereon.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
Argued January 8, 1971—Decided February 11, 1971.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr., Harry W. Belfor,* for appellant.

*Jones, Bird & Howell, Earle B. May, Jr., Greene, Buckley, De-Rieux & Jones, John D. Jones,* for appellees.