## 48643. HARRIS v. THE STATE.

EBERHARDT, Presiding Judge. David Harris, Jr. was indicted, tried

before a judge without a jury (a jury having been waived), and convicted of the possession of heroin in violation of the Uniform Narcotic Drug Act, and of carrying a pistol without a license and carrying a pistol on his person in a concealed manner. He filed a motion for new trial, amended it and it was overruled. He now appeals from the overruling of the motion, as amended, and enumerates as error: "The trial court erred in finding the defendant guilty of the charge of violation of the Uniform Narcotic Drug Act by possession of heroin, because said decision was inconsistent with the facts, and did not show possession of heroin by the defendant without a reasonable doubt, and the evidence did not exclude every reasonable hypothesis save that of the guilt of the accused."

A reading of the transcript of the evidence reveals that four policemen, operating as a part of the narcotics squad of the City of Atlanta, engaged in surveillance of the area about two apartment buildings on Simpson Street. Two of the men placed themselves in an apartment where they had clear view of the parking area which was reputed to be a place where narcotics were being sold, with binoculars, movie camera, and a radio by which they could communicate with the other two policemen who were staked out to investigate automobiles leaving the parking area and on which they had reports from the officers in the apartment that they had observed transactions between a man in the parking lot and the people in the particular car.

Officers in the apartment saw defendant and another drive into the parking lot in an orange colored Volkswagen. They stopped at the back side of the lot and a man walked up to the car and conversed with them, after which defendant and the man with him rode to another place in the lot, near a drain pipe, and the man with whom they had talked went to the drain pipe, removed a package which the officers saw through the binoculars and which appeared to be in the form of bags of drugs generally sold on the street. Money, or what appeared to be money, was passed between either the defendant or the driver of the car and the man with the package. The bag was then handed to defendant in the car and they drove away. This was reported to the officers staked out on the street by radio, including a description of the men, the car and its license number.

The officers on the street nearby recognized the car from the description which they had received, including the license number, stopped it, asked the two people to get out, and

proceeded to pat or shake them down for weapons as a protective measure. A loaded revolver was found on the defendant (under his belt), along with a billfold containing two stolen credit cards. The car had bucket type seats, and when it was searched the officers found alongside the passenger seat which defendant had occupied a glassine bag containing a powder which the State Crime Laboratory found to be heroin. The officer who had observed the defendant and his driver companion at the parking lot asserted that the glassine bag appeared to be the same as he had seen passed to the defendant on the passenger side of the car. The defendant was the last person seen in possession of it.

Defendant admitted possession of the pistol and that he had no license to carry it, but denied that he had either purchased or possessed the heroin. He asserted that he had loaned his friend, the driver of the car, money for making the purchase and denied that he was an addict or that he had ever engaged in drug dealing. *Held:*

Under this evidence the finding of guilty, both as to the drug violation and the pistol violations, was amply authorized.

No other error is enumerated and thus no other error is raised for decision on this appeal. *Hess Oil & Chemical Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70).

*Judgments affirmed. Pannell and Stolz, JJ., concur.*

ARGUED OCTOBER 5, 1973 — DECIDED OCTOBER 19, 1973.

*John T. Chasen,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John A. Schupp, Morris H. Rosenberg,* for appellee.