## 48553. PHELPS v. THE STATE.

PANNELL, Judge. 1. Exceptions to the overruling of a plea of former jeopardy cannot be raised in a motion for a new trial. *Denson v. State,* 209 Ga. 355 (1) (72 SE2d 725).

2. The plea of former jeopardy is a personal privilege and may be waived, and going to trial without filing any plea of former jeopardy or invoking any action on such plea amounts to a waiver of such privilege. *Key v. State,* 84 Ga. App. 599, 600 (66 SE2d 773).

3. There is no enumeration of error on double jeopardy or res judicata. Therefore, this court is not authorized to pass upon these questions. As was said by Chief Justice Almand in *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70): "We do not know of any law or rule of practice and procedure that authorizes the Court of Appeals or this court to examine the entire record and grant a new trial upon a ground of their own making and not upon a ground specified by the appellant. The duty of the appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them."

4. The evidence is sufficient to support the verdict.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 5, 1973 — DECIDED NOVEMBER 8, 1973 — REHEARING DENIED NOVEMBER 29, 1973.

*D. D. Veal,* for appellant.

*Joseph B. Duke, District Attorney, Wayne B. Bradley,* for appellee.