## 48798. CITY OF JONESBORO v. CLAYTON COUNTY WATER AUTHORITY.

STOLZ, Judge.

This case commenced as a declaratory judgment

action by the Clayton County Water Authority (Water Authority) against the City of Jonesboro (Jonesboro) over its right to raise water rates pursuant to certain written contracts between the two, which were attached to the complaint and made a part thereof. Jonesboro, as part of its answer, moved to dismiss the complaint on the grounds that the same failed "to properly state a cause of action upon which any of the relief prayed for may be granted" as to declaratory judgment and "fails to state any grounds upon which the damages sought . . . may be granted as prayed." We construe these motions as contending the failure to state a claim, not a cause of action, which is no longer required. Contemporaneously with the filing of the above, Jonesboro filed a motion to strike paragraphs 12 and 13 of the complaint on the grounds of relevance and materiality. These various motions came on for hearing. No evidence was presented. After hearing argument of counsel and citation of authority, the trial judge denied the motions. The appeal is from that judgment. *Held:*

Under the Civil Practice Act, a motion to dismiss a complaint for failure to state a claim should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim. *Herndon v. Aultman-Beasley, Inc.,* 127 Ga. App. 743, 744 (195 SE2d 250) and cits. A review of the complaint and contracts attached thereto, demonstrates affirmatively that facts could be proved under which the Water Authority would be entitled to the relief sought.

The trial judge was correct and his judgment is affirmed.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Pannell, Deen and Quillian, JJ., concur. Evans, J., concurs specially. Clark, J., dissents.*

ARGUED NOVEMBER 7, 1973 — DECIDED MARCH 8, 1974.

*Albert B. Wallace,* for appellant.
*Hodges, Oliver & Duckworth, G. Robert Oliver,* for appellee.

EVANS, Judge, concurring specially.

When this case was first considered, the majority opinion was written by Judge Clark. I dissented. A majority of this court has now decided against Judge Clark's opinion, and in very general language holds that, "facts could be proved under which the Water Authority would be entitled to the relief sought." In my dissent, I took the position the majority now takes, but gave my reasons for such position. As the majority opinion is couched in general language, without detailing the reasons upon which it relies, I now set forth my previous dissent, except that it now becomes a special concurrence, to wit:

The (Clark) opinion holds that the Authority could not increase its rates without demonstrating the necessity for so doing in order to pay its *revenue certificates* and interest thereon, as stipulated in the contract between the Authority and City of Jonesboro. But the Act creating the Clayton County Water Authority (Ga. L. 1955, pp. 3344, 3347) in Section 5 provides as follows: "Said board shall have general supervision and control over the entire water system or systems that may be constructed and placed in operation for said county, together with the right to expand or curtail such operations as it may deem advisable. *The board shall regulate and provide for the use of its water, fix the time, place and rates for such usage, and in default may cause such services to be discontinued until all arrears are fully paid,* and may issue executions for any amount that may be past due and the secretary or clerk of said board is hereby authorized and empowered to issue execution therefor, which may be levied and collected as other executions." (Emphasis supplied.)

The Authority and the City of Jonesboro were each powerless to contract away the rights and powers granted in the above Act, and any provision in the contract to that effect is ultra vires, and is in contravention of the statute which breathed life into the Authority.

Therefore, the Authority had the right to increase its rates without showing any necessity therefor. I therefore dissent (from the Clark opinion).

. As previously stated, this dissent was written in opposition to the original opinion by Judge Clark, which was then called "the majority opinion," but which has since become a dissent. And now, instead of dissenting, inasmuch as seven of my associates agree with the results I have reached — though not with my reasoning — I specially concur with the majority opinion by the seven.

CLARK, Judge, dissenting.

"Everybody is out of step but Johnny!" That aphorism appears applicable to this personal plaint wherein this writer as the sole dissenter is compelled to express his views. In doing so I am guided by the philosophy inherent in those words of the Latin poet, Horace: "The man who is tenacious of purpose in a rightful cause is not shaken from his firm resolve."

Perhaps personal prejudice prompts private predilections. During more than forty years of law practice I deplored dismissals of appeals on technicalities as being too numerous under the former Bill of Exceptions practice. As a member of the State Bar Committee which participated in the drafting of our 1965 Appellate Practice Act, I expressed hope we would recognize this situation to be one of the primary causes for the bar voting overwhelmingly, 2615 to 188, for drastic revision of the then existing appellate procedure. This sentiment of the legal profession was echoed by the General Assembly when it concluded its enactment of the Appellate Practice Act (Ga. L. 1965, pp. 18, 40) with the directive codified as § 6-905 that: "It is the intention of this law to provide a new procedure for taking cases to the Supreme Court and Court of Appeals, as authorized in the Constitution of 1945, Article VI, section II, Paragraph IV (Georgia Code Annotated, section 2-3704), and, to that end, *this law shall be liberally construed so as to bring about a decision on the merits of every case appealed,* and to avoid dismissal of any case or *refusal to consider any points raised therein,* except as may be specifically referred to herein." (Emphasis supplied.)

That legislative declaration is the basic cause for my belief that our court should have in the present appeal rendered its decision upon the merits rather than an affirmance based on the pleading technicality. Here capable counsel on both sides sought by means of the modern jurisprudential tool of a declaratory judgment to be informed as to the contractual rights of two governmental authorities. These attorneys presented their respective positions in this court through four written briefs and in oral arguments. At no time was the point raised that the matter should have been presented below by means of another procedure such as a summary judgment motion. We were informed from these briefs as to the legal issues as well as the contentions of the litigants concerning their respective interpretations of the contracts. Our failure to rule on the merits leaves these two governmental authoritites without answers to the three specific questions which counsel submitted in their briefs to be the issues. These are stated to be: "(1) Are the rates or charges to be imposed upon the City of Jonesboro by the Clayton County Water Authority subject to annual review and revisions under the complete control and discretion of the Water Authority? (2) If not, are either the charges for water sold or sewerage treated subject to annual review in order to satisfy the requirements of any federal assistance Act under which the Water Authority might in some way qualify for federal funds? (3) If not, can the Water Authority revise upward its rates and charges as aforesaid without first showing that such revisions are required in order to meet covenant obligations because of financing through revenue certificates for the operation of its transmission lines and distribution system elsewhere, where the Authority has covenanted and contracted to sell water at a certain rate and treat sewerage under a certain formula for a period of thirty years?"

It is my further belief that the majority ruling falls afoul of the statements by former Chief Justice Bond Almand in *Hess Oil & Chemical Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70) which our court quoted with approval in *Phelps v. State,* 130 Ga. App. 344 (203 SE2d 320): "We do not know of any law or rule of practice and

procedure that authorizes the Court of Appeals or this court to examine the entire record and grant a new trial upon a ground of their own making and not upon a ground specified by the appellant. The duty of the appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them."

It is incumbent upon appellate courts to decide cases and render opinions when the issues are clearly stated by counsel and understood by this court. In short, "Appellate courts should strive to eliminate, not encourage, unnecessary technicalities serving no useful purpose, but which tend to divert or nullify justice." *General Accident Fire &c. Corp. v. Titus,* 104 Ga. App. 85, 87 (121 SE2d 196).

In failing to give a definitive opinion to the citizens of Clayton County on the contracts between their governmental authorities we have failed them and done nothing more than to cause a delay with future appeals.

Therefore, I find myself regretfully unable to concur with my colleagues in the manner in which this appeal has been handled.