## 64057. GRIFFIS v. THE STATE.

SHULMAN, Presiding Judge.

Following a jury trial, appellant was convicted of being an habitual violator and driving under the influence. The facts showed that appellant was in a 1970 Plymouth two-door with John Bass and another person on the night of January 10, 1981. The arresting officer testified that he first noticed the Plymouth moving toward him in the wrong lane and that when he flashed his emergency lights, the vehicle returned to the proper lane. The officer then turned his car around and gave chase, whereupon the Plymouth stopped in the middle of the road. The officer, who testified that he was approximately 100 feet from the Plymouth, then saw defendant exit quickly from the left side of the car. The officer and his partner drove to the point where the car was stopped, glanced in, and noted one man in the front passenger seat and one in the back seat, with no person under the steering wheel. The officer chased defendant on foot and apprehended him a few moments later behind a nearby house. As the officer was returning with defendant to his patrol car, the Plymouth was driven from the scene. Another officer stopped the vehicle shortly thereafter and identified Bass as the driver. Both Bass and defendant testified that Bass was the driver of the vehicle at all relevant times, and that defendant had exited the vehicle from the left rear seat. A breath test administered to defendant showed a blood alcohol count of .14 grams percent. The defendant stipulated to having been declared an habitual violator in 1978.

1. Appellant's first and second enumerations of error challenge the convictions on the ground that they are contrary to the weight of the evidence. However, our review of the record demonstrates ample evidence from which a jury could render a verdict of guilty as to either charge. Appellant argues that his testimony and Bass' conclusively established that appellant was not operating the vehicle at the time in question. However, their testimony is contradicted by that of the arresting officer and by appellant's action in fleeing from the vehicle. We find sufficient evidence upon which any rational trier of fact could have based a verdict of guilty as to both charges. Jackson v.

Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant's third and final enumeration of error states that the trial court erred in refusing to give the following charge proffered by appellant: "I charge you that where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence."

"The requested charge was taken from *Davis v. State,* 13 Ga. App. 142 (1) (78 SE 866) and has been criticized from the date it was written . . . If the requested charge is taken literally, if there is any evidence supporting 'two theories' — one of innocence and one of guilt, then the 'law compels the acceptance of the theory which is consistent with innocence' . . . This decision was thoroughly discussed and discredited in *Nolen v. State,* 124 Ga. App. 593, 594 (184 SE2d 674) and relegated to a role in cases 'dependent solely upon circumstantial evidence.' [Cits.]" *Booker v. State,* 156 Ga. App. 40, 42 (274 SE2d 84), revd. on other grounds, 247 Ga. 74 (274 SE2d 334), conformed 157 Ga. App. 872 (278 SE2d 745).

The prosecution relied on circumstantial evidence to demonstrate only one element of its case, i.e., that appellant was driving the vehicle at the time in question. We find no error in the trial court's refusal to give the requested charge. We need not decide whether the trial judge could have properly given the requested charge. " 'The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is no longer a ground for new trial. [Cits.] The trial judge gave ample instructions on the presumption of innocence and the necessity of proving the defendant's guilt beyond a reasonable doubt, and it was not error to fail to charge in the exact language requested . . . [The trial court properly] . . . 'omit[ted] this superfluous and potentially misleading language' in its charge.' " Id., p. 42.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*Clifford C. Perkins, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney, Anita F. Smith, Assistant District Attorney,* for appellee.