## 74199. TANDY CORPORATION v. McCRIMMON.
(360 SE2d 70)

CARLEY, Judge.

Appellee-plaintiff is a licensed member of the Georgia Bar. Acting pro se, he filed this action to recover actual and punitive damages for appellant-defendant's alleged fraud in connection with the sale of certain computer equipment and software. Along with the complaint, appellant was also served with 15 interrogatories and 5 requests for production of documents. Appellant objected to all of the requested discovery, but nevertheless provided unsworn responses to five of the interrogatories. Appellee filed a motion to compel, and on April 1, 1985, the trial court entered an order requiring appellant to respond fully within 30 days to all but one of the five requests for production and to all of the interrogatories "to which [appellant had] previously objected."

On May 1, 1985, appellee was mailed what was styled as appellant's supplemental responses to the interrogatories and requests for production. However, no documents nor copies of documents were actually produced. Instead, appellant's response was that the documents sought by appellee in two of the requests for production either had been destroyed in the normal course of business or would be impossible to locate and that the documents sought by appellee in the other two requests would be produced only upon his payment of copying expenses and the entry of a proposed protective order. The protective order proposed by appellant specified, in essence, that only one copy of each of the documents would be made, that such copy would be retained at all times by appellee in a secure location in his office, and that appellee could not make any of the material available to anyone except his employees or expert witnesses involved in the preparation of the case.

On May 16, 1985, appellee moved for the imposition of sanctions based upon appellant's failure to comply with the discovery order of April 1, 1985. Appellant responded by submitting the affidavit of its

counsel who stated, in essence, that sufficient answers had been provided to all the interrogatories and that, appellee had not availed himself of appellant's conditional offer to allow him to inspect at least some of the requested documents. With regard to the conditional aspect of that offer, counsel averred as follows: "To allow [appellee] to do whatever he wishes with documents that contain confidential and sensitive information on [appellant's] business could expose [appellant] to competitive disadvantage in the marketplace. The protective order suggested by me is a reasonable restraint upon [appellee] to limit his use of the documents to the case at bar."

Although appellee's motion for sanctions was initially heard on June 6, 1985, it was not ruled upon until well over a year later. However, at the hearing, the trial court orally indicated to appellee's counsel that it believed the discovery order had been violated. Several days after the hearing on the motion for sanctions, appellant finally moved for a protective order along the lines of the proposed order it had previously submitted to appellee. The following month, a judge who had not previously been involved in the case granted appellant's motion and entered such protective order. Appellee thereafter renewed his motion for sanctions and, on October 7, 1986, the trial court finally entered its order granting that motion. Contained in that order were specific findings that appellant's failure to comply with the discovery order of April 1, 1985, was "wilful, intentional, and was done in such a manner as to interfere with the [appellee's] right to prosecute his case and to obtain lawful discovery." The trial court additionally concluded that there was "nothing in the disputed documents of a sensitive nature which would have justified [appellant's] withholding of the documents from [appellee]," and that, even if there had been, appellant had waived its right to object to their disclosure on this basis by failing to raise such an objection prior to the expiration of the 30-day period allowed in the discovery order for their production. The trial court once again ordered appellant to produce the documents and further ordered appellant to pay appellee "the sum of $4,000.00 for attorney's fees for bringing of all motions, pleadings, appearances, court costs, depositions, transcript takedowns, and any other expenses incurred from the date . . . [appellee's] initial motion to compel discovery was filed." The trial court certified its order for immediate review and this appeal results from this court's grant of appellant's subsequent application for an interlocutory appeal.

1. "The trial court's discretion in dealing with discovery matters is very broad, and this court has stated on numerous occasions that it will not interfere with the exercise of that discretion absent a clear abuse. [Cits.]" *Harwood v. Great American Mgt. &c.*, 171 Ga. App. 488, 491 (320 SE2d 269) (1984). Moreover, the trial court's discretion

in discovery matters is particularly broad when it is dealing with a party's failure to obey a discovery order that it has previously entered in the case. Pursuant to OCGA § 9-11-37 (b) (2), a wide range of options is available to the trial court in such a situation and, in addition, that code section specifies that "the court shall require the party failing to obey the order or the attorney advising him, or both, to pay the reasonable expenses, including attorney fees, *caused by the failure,* unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis supplied.)

In the present case, there can be no doubt that appellant was, at the very least, in violation of that portion of the trial court's discovery order of April 1, 1985, which compelled responses to appellee's requests for production. The protective order that was later obtained by appellant obviously did not serve to cure this violation, the time for seeking such protection having long since expired. See *Williamson v. Lunsford,* 119 Ga. App. 240, 241 (5) (166 SE2d 622) (1969). The record also provides ample support for the trial court's determination that appellant's conduct was characterized by its deliberate intent to evade its discovery obligations and thereby to frustrate appellee's right to prosecute his case. The trial court did not err in finding appellant's conduct to evince a wilful failure to obey the discovery order.

2. In a separate enumeration of error, appellant challenges the sufficiency of the evidence to support the award of $4,000 as attorney's fees. Our review of the record reveals that there is no evidence upon which the trial court could base its determination as to the reasonable expenses actually caused by the failure of appellant to comply with the discovery order. In fact, during the sanctions hearing, appellant's attorney pointed out to the trial court that appellant had not had an opportunity to be heard with respect to the award of attorney's fees. In response, the trial court stated "the Code recognizes the Court as an expert without taking testimony as capable of making a determination as to what amount of attorney's fees are justified without hearing evidence from either party and that is what the Court finds is reasonable under the circumstances." We cannot agree with the trial court's description of its authority to award expenses under OCGA § 9-11-37 (b) without some evidence upon which to base a determination that such expenses were "caused by the failure" of the party to comply with the discovery order. Accordingly, the award of attorney's fees by the trial court is vacated and the case is remanded for a hearing as to the amount of expenses of litigation to be awarded in accordance with OCGA § 9-11-37 (b) (2).

3. The partial dissents fail to comprehend or acknowledge that, in this case, we have absolutely no authority to address the issue of

whether an attorney who is representing himself is authorized to collect attorney's fees pursuant to OCGA § 9-11-37 (b) (2). The award of attorney's fees to appellee was not enumerated as error on this basis and, accordingly, "this court is without jurisdiction to consider it." *Riggins v. State*, 128 Ga. App. 478 (197 SE2d 154) (1973). "The duty of the appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them." *Hess Oil &c. Corp. v. Nash*, 226 Ga. 706, 709 (177 SE2d 70) (1970). See also *Slaughter v. Linder*, 122 Ga. App. 144, 148 (2) (176 SE2d 450) (1970); *Sunn v. Trophy Marine*, 176 Ga. App. 68 (334 SE2d 884) (1985).

*Judgment affirmed in part and vacated in part and case remanded with direction. Birdsong, C. J., McMurray, P. J., Sognier, Pope and Benham, JJ., concur. Deen, P. J., Banke, P. J., and Beasley, J., concur in part and dissent in part.*

DEEN, Presiding Judge, concurring in part and dissenting in part.

This case, wherein the attorney litigant has apparently prevailed in his claim for attorney fees, may defeat the old adage that "he who acts as his own lawyer has a fool for a client." *White v. State*, 105 Ga. App. 616, 627 (125 SE2d 239) (1962). Nevertheless, I concur fully with Presiding Judge Banke's partial concurrence and dissent.

BANKE, Presiding Judge, concurring in part and dissenting in part.

I fully agree with the majority that the trial court was authorized to impose sanctions upon Tandy Corporation pursuant to OCGA § 9-11-37 (b) (2) for failure to comply with its discovery obligations. Indeed, so reprehensible do I find Tandy's conduct in the matter that I believe the trial court would have been justified in striking its answer and entering default judgment against it pursuant to § 9-11-37 (b) (2) (C). However, contrary to the majority's view in Division 3, I do not believe the courts of this state are authorized under current law to award attorney fees to the prevailing party in a discovery dispute, even to one who is a licensed attorney, where that party is not represented by an attorney but is proceeding pro se.

The portion of the statute authorizing an award of attorney fees against a party for failing to comply with a discovery order reads as follows: "In lieu of any of the foregoing orders, or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him, or both, to pay *the reasonable expenses, including attorney fees*, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis supplied.) The word "expenses," as used in this statute, quite clearly denotes monetary expenses; and a pro se litigant, even one who is a licensed attorney, ob-

viously incurs no monetary expense for attorney fees. While it may be argued that a licensed attorney-litigant *should* be entitled to some remuneration for his own services in securing an opposing party's compliance with a discovery order, only by the most tortured of constructions can that result be reached under the present statute.

Additionally, it strikes me that attorneys already enjoy a considerable advantage over non-lawyers in prosecuting claims such as the one at issue in the present case, wherein the relatively small amount of actual damages involved and the considerable financial ability of the defendant to resist the claim may make the employment of independent counsel by the plaintiff an unrealistic option. To extend a further advantage to attorney-litigants by allowing them and them alone to recover compensation for their time spent in prosecuting such claims compounds that advantage and runs the risk of contributing to the unfortunately widespread public perception that the courts exist firstly and foremostly for the benefit of the legal profession. Non-lawyers are, after all, as fully entitled to represent themselves in lawsuits in the courts of this state as are licensed attorneys, Ga. Const. of 1983, Art. I, Sec. I, Par. XII; and they, too, may experience lost income or lost business opportunities as the result of their time spent in doing so.

Although the issue of whether a pro se litigant may recover attorney fees as expenses of litigation in a discovery dispute appears as one of first impression in this state, the federal courts have almost universally disallowed such recoveries construing analogous statutory provisions. For example, every federal circuit court of appeals which has addressed the issue appears to have held that a pro se litigant may not recover attorney fees under 42 USC § 1988 for representing himself in a civil rights action. See *Lovell v. Snow*, 637 F2d 170 (1st Cir. 1981); *Pitts v. Vaughn*, 679 F2d 311 (3rd Cir. 1982); *Cofield v. City of Atlanta*, 648 F2d 986 (5th Cir. 1981); *Davis v. Parratt*, 608 F2d 717 (8th Cir. 1979); *Turman v. Tuttle*, 711 F2d 148 (10th Cir. 1983). In litigation involving the Freedom of Information Act, the federal circuits are split on the issue of whether a pro se plaintiff who is also an attorney may recover attorney fees, with the Sixth Circuit holding that he cannot, *Falcone v. I.R.S.*, 714 F2d 646 (6th Cir. 1983), cert. den. 466 U. S. 908 (104 SC 1689, 80 LE2d 162) (1984), and the Fifth Circuit holding that he can. *Cazalas v. U. S. Dept. of Justice*, 709 F2d 1051 (5th Cir. 1983). On the issue of whether non-attorney plaintiffs may recover attorney fees for representing themselves in FOIA actions, the federal courts are virtually united in concluding that they cannot, with only the District of Columbia Circuit holding unconditionally that they can. See *Wolfel v. United States*, 711 F2d 66, 68 (6th Cir. 1983), and cases cited therein.

Therefore, I would vacate the trial court's award of attorney fees

to McCrimmon, for I do not read OCGA § 9-11-37 (b) (2) as authorizing payment of attorney fees to a pro se litigant, even one who is a licensed attorney; and I would remand the case for a new assessment of sanctions, which does not include such compensation.

I am authorized to state that Presiding Judge Deen joins in this opinion.

BEASLEY, Judge, concurring in part and dissenting in part.

I concur with the majority, but the direction to the trial court should be more explicit lest we invite additional error which otherwise is bound to occur. When we remand with direction to the trial court, we thereby exert a more active role and go beyond merely ruling on whether or not that court has committed error as enumerated. We then function as an instructive court, affecting further proceedings in the case. In that regard, we are not addressing issues not raised but rather assuring insofar as possible that we do not directly instigate error in the future proceedings.

The scope of the remand is inherently in error unless it is clarified. In addition, if its scope is not made clear, this opinion can be construed to consider attorney fees as awardable as a discovery sanction in pro se cases in the future. While the majority directs that the circumference of the hearing be limited to "expenses of litigation," with which I have no quarrel, it does not point out that, as a matter of law, those expenses in this case would not include "attorney fees" as provided in the award we are vacating, because McCrimmon was acting pro se. Only those expenses authorized by OCGA § 9-11-37 may be considered.

First, attorney fees are fees incurred by a party who chooses to employ a professional to represent that party in legal matters, or in other words, fees charged for professional services rendered to another in representing that other's interests. When a party chooses to represent himself, there is no such other advocate.

Second, in the OCGA § 9-11-37 context, the attorney fees are those arising out of the pursuit of discovery in a lawsuit. The statute explicitly provides for "expenses." Mr. McCrimmon's legal services to himself are unquestionably valuable. And no doubt his attention to his own lawsuit negatively impacted the availability of his time and stock in trade which otherwise would be available to others. But such is not an "expense." It would merely mean the transfer of money from one of his pockets to the other, were he to bear this "expense" in the absence of the sanction against the recalcitrant defendant. The sanction creates the expense, in effect. Without the sanction, the "fee" would not exist. Instead, there would be no "expense" but rather the party's choice to use his own time and efforts and expertise instead of hiring another to represent him.

To so construe the statute reads into it a legislative intent to include the fair market value of one's own legal services to oneself, lay or attorney, in the provision of "reasonable expenses, including attorney fees." If the legislature meant to include the fair market value of self-representation as a sanction, it could easily have written "reasonable expenses, including attorney fees or the fair market value of one's self-representation," or words to that effect. Instead, it left the scope of the sanction precisely to "*expenses*, including *attorney fees*."

I recognize that to the contrary is judicial interpretation of congressional intent in the Freedom of Information Act somewhat analogous proviso for the award of attorney fees. 5 USCA § 552 (a) (4) (E). See *Cox v. U. S. Dept. of Justice*, 601 F2d 1, 5 (5-7) (D.C. Cir. 1979); *Crooker v. U. S. Dept. of Treasury*, 663 F2d 140, 141 (1) (D.C. Cir. 1980); *Jordan v. U. S. Dept. of Justice*, 691 F2d 514, 523 (6) (D.C. Cir. 1982); *Holly v. Acree*, 72 FRD 115 (D.C. 1976), aff'd 186 U. S. App. D.C. 329 (569 F2d 160) (1977); *Jones v. U. S. Secret Svc.*, 81 FRD 700 (D.C. 1979). That statute does not speak of attorney fees as "expenses" as does OCGA § 9-11-37 (b) (2), but rather of "reasonable attorney fees and other litigation costs reasonably incurred." A difference is discernible. See *Holly*, supra.

Third, if a pro se attorney can recover "attorney fees" under OCGA § 9-11-37 (b), the pro se litigant who is not an attorney will be discriminated against because his services to himself will not be measurable as "attorney fees." How could fair market value of self-representation by a non-lawyer be calculated? The subjective and speculative nature of the assessment when such is attempted is illustrated in *Jones*, supra. We will not even take an attorney's bill as conclusive of reasonable attorney fees, in the context of an assessment of the same in a workers' compensation award. OCGA § 34-9-108 (b); *State of Ga. v. Mitchell*, 177 Ga. App. 333, 335 (2b) (339 SE2d 384) (1985).

Georgia's Bill of Rights provides that "No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Ga. Const. 1983, Art. I, Sec. I, Par. XII. The Constitution recognizes an either/or distinction and so should we.

There are, of course, other sanctions affordable to the pro se litigant under OCGA § 9-11-37 when an opponent abuses discovery. And there is some indication of actual expenses of approximately $723.

DECIDED JULY 16, 1987.

*Everette L. Doffermyre, Jr., Alan R. Perry, Jr.*, for appellant.
*Edward W. McCrimmon*, pro se.