75266. TAYLOR v. THE STATE.
(366 SE2d 422)

SOGNIER, Judge.

Defendant appeals his conviction of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b) and (d), possession of marijuana with intent to distribute, OCGA § 16-13-30 (j) (1), and possession of a dangerous drug, OCGA §§ 16-13-71 and 72.

1. The evidence, although mostly circumstantial, was sufficient for a rational trier to find the defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In argument to this court, defendant contends that the trial court should have given, without request, the "two theories" circumstantial evidence charge. We find no error in its omission. *Griffis v. State*, 163 Ga. App. 491, 492 (2) (295 SE2d 197) (1982); *Mercer v. State*, 169 Ga. App. 723, 726 (2) (314 SE2d 729) (1984); *Lee v. State*,

177 Ga. App. 8 (2) (338 SE2d 445) (1985). Defendant does not assign error on the failure to charge OCGA § 24-4-6. See *Arnett v. State*, 245 Ga. 470, 473 (4) (265 SE2d 771) (1980).

3. Defendant's assertion that authority for imposition of enhanced punishment was lacking because he was not indicted as a recidivist is without merit. OCGA § 16-13-30 (d), which provides "[u]pon conviction of a second or subsequent offense," the defendant "shall be imprisoned for life," is merely a direction as to the imposition of punishment under specified aggravated circumstances and does not create a separate and independent offense which must be alleged in an indictment. *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984).

OCGA § 16-13-30 (d) provides, in pertinent part: "Except as otherwise provided, any person *who violates subsection (b)* of this Code section with respect to a controlled substance . . . shall be guilty of a felony . . . Upon conviction of a second or subsequent offense, he shall be imprisoned for life." (Emphasis supplied.) In the instant case this was not appellant's second conviction for a violation of OCGA § 16-13-30 (b), but his first; his two prior drug convictions were in Florida. Thus, § 16-13-30 (d), supra, is not applicable and does not authorize imposition of life imprisonment under the facts of this case. Nor does the recidivist statute, OCGA § 17-10-7, apply to the facts of this case. Subsection (a) of that statute refers to second offenders, and provides, in pertinent part: "Any person . . . having been convicted under the laws of any other state . . . of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he stands convicted . . ." The longest period of time prescribed for punishment for a person convicted of a violation of § 16-13-30 (b), supra, is "not less than five years nor more than 30 years." § 16-13-30 (d), supra. As stated previously, it is only when appellant is convicted a second time *for a violation of § 16-13-30 (b)* that a sentence to life imprisonment is authorized. Subsection (b) of § 17-10-7 is not applicable because it applies to persons with *three* or more prior convictions, whether committed in Georgia or out-of-state, and appellant here has only two prior convictions in Florida. Hence, it was error to sentence appellant to life imprisonment on the basis of his prior drug convictions in Florida. We recognize that defendant has not specifically raised the issue of whether the convictions with which he was charged fit within the statutory provision of "a second or subsequent offense," so as to authorize imprisonment for life. Nevertheless this court has held: " ' "In exceptional circumstances, *especially in criminal cases*, appellate courts, in

the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." [Cit.]' [Cits.]" (Emphasis supplied.) *Almond v. State*, 180 Ga. App. 475, 480 (349 SE2d 482) (1986); *Kearney v. State*, 184 Ga. App. 64, 66 (360 SE2d 633) (1987). We find this to be one of those cases in which the rule quoted above was intended to be applicable. It would seriously affect the fairness and integrity of the judicial system to allow an illegal and unauthorized sentence to stand, particularly where, as here, the sentence is to life imprisonment.

Accordingly, we affirm appellant's convictions of the offenses charged, but we remand the case to the trial court with direction that it vacate appellant's sentence and hold a new sentencing hearing to impose a sentence authorized by law. The right of a new appeal solely on this issue is reserved to the defendant in accordance with the applicable appellate law and procedures.

*Judgment affirmed in part; case remanded for resentencing. Birdsong, C. J., McMurray, P. J., Banke, P. J., Pope, and Benham, JJ., concur. Deen, P. J., Carley, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I concur in Divisions 1 and 2 but respectfully dissent as to the second part of Division 3 and would affirm the convictions and sentences.

Defendant does not make an issue of whether the convictions with which he was charged fit within the term "a second or subsequent offense." The prior offenses resulted in Florida convictions for possession of heroin and three counts of sale of cocaine. Thus as to nature of these crimes, they fit within the description of what is enumerated in subsection (b), OCGA § 16-13-30: "Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance."

Our function as intermediate appellate judges is to correct errors of law which are complained of. It does not extend to reaching into the record and *sua sponte* raising and deciding issues not presented by the parties. Ga. Const. 1983, Art. VI, Sec. V, Par. III. See OCGA § 5-6-40; *Tandy Corp. v. McCrimmon*, 183 Ga. App. 744, 746 (3) (360 SE2d 70) (1987); *Phelps v. State*, 130 Ga. App. 344 (3) (203 SE2d 320) (1973); *Craig v. State*, 130 Ga. App. 689, 692 (6) (204 SE2d 307) (1974). Although the latter is not a precedential case, the point here in focus is based on a unanimous decision of the Supreme Court describing this court's jurisdiction as well as its own, *Hess Oil & Chem. Corp. v. Nash*, 226 Ga. 706, 709 (177 SE2d 70) (1970). As succinctly stated in *Barnes v. State*, 157 Ga. App. 582, 589 (2) (277 SE2d

916) (1981): "The Court of Appeals is a court for the correction of errors below; it is not a court of original jurisdiction. Georgia Constitution, Art. VI, Sec. II, Par. VII [sic].[1]"

Not only was the issue not raised or ruled on below, it is neither enumerated as error nor briefed. These are all prerequisites to our consideration of a question. *Southern R. Co. v. Ga. Kraft Co.*, 183 Ga. App. 884 (1), (7) (360 SE2d 605) (1987); *Harmon v. Southern R. Co.*, 123 Ga. App. 309, 310 (2) (180 SE2d 604) (1971); *McCollum v. State*, 177 Ga. App. 40 (1) (338 SE2d 460) (1985); *Martin v. State*, 72 Ga. App. 810 (35 SE2d 315) (1945); Rules 15 (c) (2) and 27 (e). It thus has been subjected to no adversarial debate by the parties, no submission of argument or citation of authorities on both sides of it. Defendant does not say that his prior offenses are not embraced within the legislature's intendment, nor has the State had opportunity to show that they do.

We take a big jurisdictional step when we venture beyond the matters complained of, and a larger one yet when in so doing we construe a statute contrary to the lower court's unchallenged construction.

I am authorized to state that Presiding Judge Deen and Judge Carley join in this dissent.

DECIDED FEBRUARY 29, 1988.

*O. Dale Jenkins*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.

---

[1] Correct reference is Par. VIII, of the 1976 Constitution.